**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **DEBORAH P. KAVANAGH** | : | Case No. 1:12-CV-864 |
| 8110 Mulberry Street | : | |
| Mainville, Ohio 45039 | : | Judge _____ |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| **LODGE CARE CENTER, INC. d/b/a The** | : | |
| **Lodge Care Center** | : | **COMPLAINT WITH JURY** |
| 9370 Union Cemetery Road | : | **DEMAND ENDORSED HEREON** |
| Loveland, Ohio 45140 | : | |
| | : | |
| Also serve its statutory agent: | : | |
| | : | |
| Terrence A. Mire | : | |
| 250 E. Fifth Street, Suite 1200 | : | |
| Cincinnati, Ohio 45202 | : | |
| | : | |
| and | : | |
| | : | |
| **BOY-KO MANAGEMENT, INC. d/b/a** | : | |
| **The Lodge Care Center** | : | |
| 9370 Union Cemetery Road | : | |
| Loveland, Ohio 45140 | : | |
| | : | |
| Also serve its statutory agent: | : | |
| | : | |
| Terrence A. Mire | : | |
| 250 E. Fifth Street, Suite 1200 | : | |
| Cincinnati, Ohio 45202 | : | |
| | : | |
| and | : | |
| | : | |
| **ONESOURCE EMPLOYEE** | : | |
| **MANAGEMENT, LLC** | : | |
| 10690 Loveland-Madiera Road | : | |
| Loveland, Ohio  45140 | : | |

| | |
|---|---|
| Also serve its statutory agent:<br><br>  BKM Agent Corp.<br>  30050 Chagrin Blvd., Ste 100<br>  Pepper Pike, Ohio 44124<br><br>and<br><br>**BARRY KOHN**<br>12 Hickory Hollow<br>Blue Ash, Ohio 45241<br><br>        Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## **PARTIES**

1. Plaintiff Deborah P. Kavanagh ("Ms. Kavanagh") is a citizen and resident of the state of Ohio.

2. Defendant Lodge Care Center, Inc. ("Lodge Care") is an Ohio corporation with its principal place of business in Hamilton County, Ohio. On information and belief, Lodge Care owns and operates the long-term care facility where Ms. Kavanagh worked.

3. Defendant Boy-Ko Management, Inc. ("Boy-Ko") is an Ohio corporation with its principal place of business in Hamilton County, Ohio. On information and belief, Boy-Ko owns and operates Lodge Care.

4. Defendant Onesource Employee Management, LLC ("Onesource") is a Delaware LLC with its principal place of business in Hamilton County, Ohio. Onesource is a professional employer organization that, on information and belief, acted as a co-employer of Ms. Kavanagh during relevant times.

5. Defendant Barry A. Kohn ("Kohn") is an individual who owns and operates Lodge Care and Boy-Ko.

6. Defendants Lodge Care, Boy-Ko, Onesource and Kohn (collectively, "Defendants") are employers within the meaning of Ohio law and the Fair Labor Standards Act.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over Counts VI and VII pursuant to 28 U.S.C. § 1331 because these Counts arise under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*).

8. This Court has supplemental jurisdiction over the state law claims in Counts I – V and Counts VIII and IX pursuant to 28 U.S.C. § 1367 on the grounds that these Counts are so related to the federal claims over which this Court has original jurisdiction, that they form the same case or controversy.

9. This Court has personal jurisdiction over Defendants Lodge Care, Boy-Ko and Onesource because their principal places of business are within this district and division. This Court has personal jurisdiction over Defendant Kohn because he is a resident of this district and division; and he owns and operates businesses within this district and division.

10. Venue is proper in this division and district pursuant to 29 U.S.C. § 1391(b) because Plaintiff was employed in this division and district, and the conduct giving rise to Ms. Kavanagh's claims occurred within this division and district.

11. Ms. Kavanagh filed a timely charge of age discrimination, gender discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC"). Ms. Kavanagh will seek to amend this Complaint to include additional federal law claims of age discrimination under the Age Discrimination in Employment Act, gender discrimination under Title VII of the Civil Rights Act and retaliation once she receives a notice of right to sue.

**FACTUAL ALLEGATIONS**

12. Ms. Kavanagh began her employment with Defendants on or about January 1, 2000. Her duties included accounts payable and payroll functions, as well as other bookkeeping duties.

13. Ms. Kavanagh was fully qualified for her position. Throughout more than twelve years of loyal service to Defendants, Ms. Kavanagh was a consistently strong performer who received strong evaluations and regular annual raises.

14. Throughout approximately the last year of her employment, Defendants unfairly chastised and disciplined Ms. Kavanagh. For example, on multiple occasions, Defendants disciplined Ms. Kavanagh when she did not engage in the misconduct alleged. On other occasions, Defendants disciplined or criticized Ms. Kavanagh for minor errors that had no consequence. Further, Defendants failed to discipline similarly situated, substantially younger male employees who actually did engage in misconduct and/or made errors similar to, or more egregious than, errors Ms. Kavanagh made.

15. Ms. Kavanagh complained about Defendants' unfair treatment of her to Richard Friedman, Lodge Care's Controller. Ms. Kavanagh made clear to Mr. Friedman that she believed that Defendants' treatment of her amounted to discrimination on the basis of age and gender. Defendants never addressed this complaint.

16. On or about April 27, 2012, Defendants informed Ms. Kavanagh that she was being placed on probation. Defendants articulated in an "Employee Warning Notice" that this action was being taken because Ms. Kavanagh allegedly was (i) away from her desk for long periods and (ii) violating company policy by smoking in her car on company property. Both of these allegations were false.

17. On or about May 17, 2012, one of Lodge Care's owners, Barry Kohn, asked Ms. Kavanagh to come into his office. When she did, Mr. Kohn told her, "We are firing you," and handed

her a document titled "Employee Termination Notice." When Ms. Kavanagh asked Mr. Kohn why Defendants were firing her, Mr. Kohn explained, "Deb, you are never at your desk." This rationale is bogus. Both before and after the April 27, 2012 warning, Ms. Kavanagh was regularly at her desk unless she had a legitimate job-related reason for being elsewhere.

## COUNT I

**(Age Discrimination - O.R.C. §§ 4112.02 and 4112.99, against all Defendants)**

19. Ms. Kavanagh realleges the foregoing paragraphs as if fully rewritten herein.

20. Ms. Kavanagh was 62 years old when Defendants fired her.

21. Defendants were aware of Ms. Kavanagh's age.

22. Defendants unfairly disciplined and fired Ms. Kavanagh based upon her age in violation of Ohio Revised Code §§ 4112.02 and 4112.99.

23. Defendants' termination of Ms. Kavanagh permitted the hiring and/or retention of employees who are substantially younger than Ms. Kavanagh.

24. Defendants' actions were willful, wanton, malicious, and/or in reckless disregard of Ms. Kavanagh's rights.

25. As a direct and proximate result of Defendants' unlawful discriminatory conduct, Ms. Kavanagh has been injured and is entitled to recovery.

## COUNT II

**(Gender Discrimination - O.R.C. §§ 4112.02 and 4112.99, against all Defendants)**

26. Ms. Kavanagh realleges the foregoing paragraphs as if fully rewritten herein.

27. Ms. Kavanagh is a female who was fully qualified for the position she held with Defendants.

28. Defendants discriminated against Ms. Kavanagh on the basis of her gender by treating her less favorably than similarly situated male employees and by terminating her employment.

29. Defendants' conduct violates O.R.C. § 4112.02.

30. Defendants' actions were willful, wanton, malicious, and/or in reckless disregard of Ms. Kavanagh's rights.

31. As a direct and proximate result of Defendants' unlawful discriminatory conduct, Ms. Kavanagh has been injured and is entitled to recovery.

## COUNT III

### (Retaliation - O.R.C. § 4112, against all Defendants)

32. Ms. Kavanagh realleges the foregoing paragraphs as if fully rewritten herein.

33. Ms. Kavanagh engaged in protected activity by complaining to her supervisor, Rick Friedmann (and others) about gender and age discrimination in response to the unfair treatment she was receiving relative to her younger male peers.

34. In retaliation for her complaints, Defendants terminated Ms. Kavanagh's employment in violation of R.C. §4112.02.

35. Defendants' actions were willful, wanton, malicious, and/or in reckless disregard of Ms. Kavanagh's rights.

36. As a direct and proximate result of Defendants' unlawful retaliatory conduct, Ms. Kavanagh has been injured and is entitled to recovery.

## COUNT IV

### (Wrongful Discharge in Violation of O.R.C. § 3721.24, against all Defendants)

37. Ms. Kavanagh realleges the foregoing paragraphs as if fully rewritten herein.

38. In approximately late March, 2012, Ms. Kavanagh's sister, Maureen Whiteside, was

admitted as a patient into the Lodge Care Center, a rehabilitation and long-term care facility owned and operated by Defendants. Among other things, Ms. Whiteside suffered from a disorder that caused recurrent seizures that could be life threatening if not controlled.

39. On information and belief, Lodge Care Center personnel administered an incorrect dosage of anti-seizure medication to Ms. Whiteside during her stay at Lodge Care Center. As a result, Ms. Whiteside suffered two major seizures in the first 16 days of her stay at the Lodge Care Center; and she died on the 17th day.

40. During Ms. Whitside's stay at Lodge Care Center, she fell from her wheelchair on multiple occasions. On information and belief, these falls occurred because Lodge Care Center personnel failed to properly secure her in her wheelchair.

41. Jessica Thomas, Lodge Care Center's RN Supervisor, admitted to Ms. Kavanagh that Lodge Care Center was at fault in Ms. Whitside's death.

42. On or about May 8, 2012, Ms. Kavanagh, while on a previously scheduled vacation, called the Ohio Department of Health and reported that she suspected neglect in the Lodge Care Center's care of Ms. Whitside.

43. Later that week, the Ohio Department of Health initiated an investigation into patient care at the Lodge Care Center. On information and belief, Defendants were aware that Ms. Kavanagh made the report that led to the investigation.

44. On information and belief, Defendants fired Ms. Kavanagh in retaliation for making the report of neglect at Lodge Care Center in violation of Ohio Revised Code Sec. 3721.24.

45. Defendants' actions were willful, wanton, malicious, and/or in reckless disregard of Ms. Kavanagh's rights.

46. As a direct and proximate result of Defendants' unlawful retaliatory conduct, Ms. Kavanagh has been injured and is entitled to recovery.

## COUNT V

**(Wrongful Discharge in Violation of Ohio Public Policy, against all Defendants)**

47. Ms. Kavanagh realleges the foregoing paragraphs as if fully rewritten herein.

48. Chapter 3721 of the Ohio Revised Code expresses a clear public policy that employees should not be punished for reporting incidents of neglect and/or improper medical treatment by long term care facilities to the Ohio Department of Health.

49. Disciplining or retaliating against employees for reporting patient safety issues to the Ohio Department of Health would jeopardize this public policy.

50. Defendants' conduct, in firing Ms. Kavanagh constitutes a breach of public policy.

51. Defendants' actions were willful, wanton, malicious, and/or in reckless disregard of Ms. Kavanagh's rights.

52. As a direct and proximate result of Defendants' unlawful retaliatory conduct, Ms. Kavanagh has been injured and is entitled to recovery.

## COUNT VI

**(Failure to Pay Wages for Overtime in Violation of the  
Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, against all Defendants)**

53. Ms. Kavanagh realleges the foregoing paragraphs as if fully rewritten herein.

54. Defendants are employers covered by the overtime requirements set forth in the Fair Labor Standards Act ("FLSA").

55. Throughout her employment, Ms. Kavanagh did not perform work that would qualify her position with Defendants for an exemption from the overtime provisions of the FLSA. However, Defendants intentionally misclassified Ms. Kavanagh as an exempt employee. At all relevant times, Defendants paid Ms. Kavanagh a pre-determined amount on a bi-weekly basis, and never paid her for the hours they worked in excess of 40 for any given week.

8

56. Ms. Kavanagh is entitled to receive time-and-a-half pay for all hours that she worked in excess of 40 in any given week.

57. At all relevant times, Defendants' failure to pay Ms. Kavanagh for the hours she worked in excess of 40 was willful.

58. In addition to unpaid overtime compensation for Defendants' willful violation of the FLSA, Ms. Kavanagh is entitled to liquidated damages as set forth in 29 U.S.C. § 216.

59. Ms. Kavanagh has been required to file this action as a result of Defendants' willful failure to pay her overtime in accordance with FLSA and, as such, is entitled to attorneys' fees and costs incurred in accordance with 29 U.S.C. § 216.

## COUNT VII

**(Failure to Maintain Accurate Records in Violation of the
Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, against all Defendants)**

60. Ms. Kavanagh realleges the foregoing paragraphs as if fully rewritten herein.

61. Pursuant to 29 U.S.C. § 211(c), and the Fair Labor Standards Act Recordkeeping Regulations, 29 C.F.R. 516, Defendants are required to maintain records reflecting the hours worked each day by all non-exempt employees.

62. Defendants failed to maintain accurate records of hours worked by Ms. Kavanagh.

63. By failing to maintain accurate records of hours worked by Ms. Kavanagh, Defendants willfully, knowingly and recklessly violated the provisions of the Fair Labor Standards Act requiring maintenance of detailed records.

64. As a result of Defendants' policy and practice of not maintaining accurate records of hours worked by non-exempt employees, Ms. Kavanagh has been damaged in that she has not been compensated for all of the hours that she worked, as required by the Fair Labor Standards Act.

## COUNT VIII

**(Failure to Pay Wages for Overtime Hours in Violation of
Chapter 4111 of the Ohio Revised Code, against all Defendants)**

65. Ms. Kavanagh realleges the foregoing paragraphs as if fully rewritten herein.

66. Defendants are employers covered by the overtime requirements set forth in the Ohio Revised Code § 4111.03.

67. Throughout her employment, Ms. Kavanagh did not perform work that would qualify her position with Defendants for an exemption from the overtime provisions of Chapter 4111 of the Ohio Revised Code. However, Defendants intentionally misclassified Ms. Kavanagh as an exempt employee throughout her employment.

68. At all relevant times, Defendants paid Ms. Kavanagh a pre-determined amount on a bi-weekly basis, and never paid her for the hours she worked in excess of 40 for any given week.

69. Ms. Kavanagh is entitled to receive time-and-a-half pay for all hours that she worked in excess of 40 in any given week.

70. At all relevant times, Defendants' failure to pay Ms. Kavanagh for the hours she worked in excess of 40 was willful.

71. Ms. Kavanagh has been required to file this action as a result of Defendants willful failure to pay her overtime in accordance with Chapter 4111 of the Ohio Revised Code and, as such, is entitled to attorneys' fees and costs incurred in accordance with Ohio Revised Code § 4111.10.

## COUNT IX

**(Failure to Maintain Accurate Records in Violation of
Ohio Revised Code § 4111.08, against all Defendants)**

72. Ms. Kavanagh realleges the foregoing paragraphs as if fully rewritten herein.

73. Pursuant to Ohio Revised Code § 4111.09, Defendants are required to maintain records reflecting the hours worked each day by all non-exempt employees.

74. Defendants failed to maintain accurate records of hours worked by Ms. Kavanagh.

75. By failing to maintain accurate records of hours worked by Ms. Kavanagh, Defendants willfully, knowingly and recklessly violated the provisions of Ohio Revised Code § 4111.08 requiring maintenance of detailed records.

76. As a result of Defendants' policy and practice of not maintaining accurate records of hours worked by non-exempt employees, Ms. Kavanagh has been damaged in that she has not been compensated for all of the hours that she worked, as required by Chapter 4111 of the Ohio Revised Code.

**WHEREFORE**, Plaintiff Deborah P. Kavanagh demands judgment, jointly and severally, against Defendants Lodge Care Center, Inc., Boy-Ko Management, Inc., Onesource Employee Management, LLC and Barry Kohn as follows:

(a) That Defendants be enjoined from further unlawful conduct as described in the Complaint;

(b) That Plaintiff be reinstated;

(c) That Plaintiff be awarded compensatory damages including emotional distress damages;

(d) That Plaintiff be awarded all lost pay and benefits;

(e) That Plaintiff be awarded punitive damages;

(f) That Plaintiff be awarded all unpaid wages for overtime hours worked;

(g) That Plaintiff be awarded liquidated damages;

(g) That Plaintiff be awarded pre-judgment interest;

(h) That Plaintiff be awarded reasonable attorneys' fees; and

(i) That Plaintiff be awarded all other legal and equitable relief to which she may be entitled.

Respectfully submitted,

/s/ David A. Eberly
David A. Eberly (0067007)
Theodore C. Copetas (0068419)
Eberly McMahon LLC
2321 Kemper Lane, Suite 100
Cincinnati, OH   45206
Telephone: 513-533-9898
Fax:  513-533-3554
deberly@emh-law.com
tcopetas@emh-law.com

Counsel for Plaintiff Deborah P. Kavanagh

## JURY DEMAND

Plaintiff Deborah P. Kavanagh hereby demands a trial by jury on all issues so triable.

PRAECIPE –

TO THE CLERK –

Please serve the forgoing Complaint to the Defendants at the addresses listed on the caption of the Complaint by certified mail, return receipt requested.