## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

DEBORAH P. KAVANAGH,                                    Case No. 1:12-cv-864

       Plaintiff,                                              Bowman, M.J.


    v.


LODGE CARE CENTER, INC.,

       Defendant.


### MEMORANDUM OPINION AND ORDER

On November 9, 2012, Plaintiff Deborah P. Kavanagh, through counsel, filed this employment discrimination action. Plaintiff alleges that Defendants discriminated against her on the basis of her age and gender, and retaliated against her, in violation of both federal and Ohio law. She additionally alleges that she was wrongfully discharged, and that her employers failed to pay overtime wages and maintain records. Plaintiff amended her complaint as of right on January 29, 2013. (Docs. 1, 8). Plaintiff has named four Defendants: (1) Boy-Ko Management, Inc., d/b/a Lodge Care Center; (2) Lodge Care Center, Inc., d/b/a Lodge Care Center; (3) OneSource Employee Management, LLC ("OneSource"); and (4) Barry Kohn.

In lieu of filing an answer, Defendant OneSource filed a motion to dismiss. (Doc. 12). On April 23, 2013, this case was transferred to the docket of the undersigned pursuant to the consent of the parties. (Doc. 19).

In its pending motion, OneSource seeks to dismiss Plaintiff's complaint on grounds that the Plaintiff cannot demonstrate that she exhausted her administrative remedies as to OneSource, that Plaintiff cannot show that OneSource was her

employer, and that Plaintiff's complaint is untimely.  Plaintiff filed a response in opposition, to which OneSource filed no reply.  Defendant's motion will be denied.

### I. Background

For purposes of the pending motion, the Court accepts as true the allegations included in the complaint.   In addition, in the absence of any contrary evidence offered by Defendant, the Court accepts the procedural history recounted in the affidavit of Plaintiff's counsel, attached as an exhibit to Plaintiff's response in opposition.

According to her allegations, Plaintiff filed a Charge of Discrimination on June 14, 2012, alleging age and gender discrimination, as well as retaliation, against Lodge Care.  After filing that charge, Plaintiff learned that Defendants Boy-Ko and OneSource may have been her actual "employers."  (Doc. 13-1, Affidavit of David A. Eberly).  As a result, Plaintiff amended her EEOC charge to allege that Boy-Ko and OneSource were additional employers.  However, Plaintiff's counsel did not receive a file-stamped copy of the Amended Charge from the EEOC as requested.  (*Id.*).

Plaintiff filed her initial complaint prior to receiving her Notice of Right to Sue, while EEOC proceedings were still pending.  She did so to ensure that Plaintiff's claims for unpaid overtime would be preserved within the applicable statute of limitations for those claims.  On or about January 24, 2013, Plaintiff received a Notice of her Right to Sue from the EEOC.  Shortly thereafter and prior to the time that any Defendant filed its answer, Plaintiff filed her amended complaint to include her ADEA and Title VII claims.

After receiving OneSource's motion to dismiss, Plaintiff filed a second Amended Charge before the EEOC. Plaintiff's counsel represents that he filed this second

Amended Charge out of "an abundance of caution… in case through clerical error, the first Amended Charge was never processed through the EEOC." (Doc. 13 at 3). On March 13, 2013, the EEOC contacted counsel telephonically and stated that the EEOC had in fact received the previously filed Amended Charge, and therefore immediately would issue an additional Notice of Right to Sue. (*Id.*).

## II. Analysis

### A. Standard of Review – Rule 12(b)(6)

Under Rule 8 of the Federal Rules of Civil Procedure, a plaintiff need only plead "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). In recent years, the Supreme Court has brought greater focus to that pleading standard. In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563, 127 S.Ct. 1955, 1969, 167 L.Ed.2d 929 (2007), the Supreme Court held that a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face" *Id.* Elaborating further in *Ashcraft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), the Supreme Court explained: "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.

Despite instituting a new "plausibility" standard, *Twombly/Iqbal* did not alter the court's duty to construe the pleadings in the light most favorable to the non-moving party. Thus, on a motion to dismiss, the court must draw all reasonable inferences in the favor of that non-moving party. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008). A court is not required to accept

3

as true mere legal conclusions unsupported by factual allegations to determine whether the plausibility standard is satisfied.  However, in reviewing a Rule 12(b)(6) motion, a court must "confine its … ruling to matters contained within the pleadings and accept all well-pleaded allegations as true."   *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 481 (6th Cir. 2009)(quoting *Gentek Building Products, Inc. v. Sherwin-Williams*, 491 F.3d 320, 330 (6th Cir.2007)).

### B.  Defendant's Motion

### 1.  Employer Status

OneSource argues that "it was not Plaintiff's employer for purposed [sic] of liability under Title VII and [the] Fair Labor Standards Act."  (Doc. 12 at 3).  OneSource's argument is unsupported.   Given the standard of review stated above, Plaintiff's allegations that OneSource "acted as a co-employer…during relevant times" is accepted as true.  (Doc,. 8 at ¶4).  Case law supports Plaintiff's position that multiple entities may be considered to be jointly liable as an "employer" under both Title VII and the FLSA.  *See, e.g., EEOC v. Wooster Brush Co. Employees Relief Ass'n*, 727 F.2d 566, 571-572 (6th Cir. 1984).  Plaintiff argues that information on OneSource's own website provides further support for Plaintiff's factual allegation, but the Court finds it unnecessary to consider that evidence in the context of a motion to dismiss.

### 2.  Exhaustion of Administrative Remedies

OneSource next argues that Plaintiff has failed to exhaust her administrative remedies, because Plaintiff's initial complaint alleged that she had filed an EEOC charge, but had not (at that time) received her Notice of Right to Sue.  Additionally,

4

OneSource alleges that it was not named as part of Plaintiff's EEOC charge.

However, the affidavit of Plaintiff's counsel, filed in opposition to Defendant's motion, states that OneSource was named in Plaintiff's amended EEOC charge. Moreover, the affidavit reflects that Plaintiff has in fact received her Notice of Right to Sue. Although neither party has provided the Court with a copy of the Amended Charge or of the Right to Sue Notice, essentially the same allegations are either directly made in, or are reasonably inferred from, the Amended Complaint. Therefore, Defendant is not entitled to dismissal on this basis.

### 3. Statute of Limitations for FLSA claim

Last, Defendant asserts that Plaintiff's FLSA claims should be dismissed based upon the applicable statute of limitations. However, an FLSA claim accrues "at each regular payday" that an employee has worked overtime. *See Hughes v. Region VII Area Agency on Aging*, 542 F.3d 169, 187 (6thh Cir. 2008)(internal citations omitted). While Plaintiff "concedes that she cannot now claim overtime for weeks prior to November 9, 2009" based on the date that she filed her complaint, (Doc. 13 at 8), the Defendant is not entitled to dismissal of Plaintiff's FLSA claims as a whole.

### III. Conclusion and Order

For the stated reasons, **IT IS ORDERED** that the Defendant's Motion to Dismiss all claims against OneSource (Doc. 12) be **DENIED**.

*s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge